FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2009 NOV 30 A 11: 35
CLERK_____
S.O. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEREMY RAY,  )
　　　　　　　)
　　Petitioner,  )
　　　　　　　)
v.  )  CIVIL ACTION NO.: CV609-039
　　　　　　　)
FRED BURNETTE, Warden,  )
　　　　　　　)
　　Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jeremy Ray ("Petitioner"), who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was convicted following a jury trial on September 28, 1998 in the Superior Court of Bulloch County of four counts of armed robbery, one count of criminal attempt to commit armed robbery, two counts of burglary, and one count of possession of a firearm during the commission of a crime. He was sentenced to fifty years' imprisonment. Petitioner pursued a direct appeal and his convictions and sentences

were affirmed by the Georgia Court of Appeals. Ray v. State, 273 Ga. App. 656 (2005), cert. denied, No. S05C1727 (Ga. Oct 24, 2005).

Petitioner filed a state habeas corpus petition on October 2, 2006 in the Superior Court of Telfair County, challenging his Bulloch County convictions. (Doc. No. 7-1). That petition alleged four grounds for relief, but did not include Petitioner's current requested ground for relief. (Id.). Following an evidentiary hearing, the state habeas corpus court denied relief on all four grounds in an order filed March 4, 2008. (Doc. No. 7-4). On May 20, 2008, the Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal. (Doc. No. 7-5). Petitioner filed his first federal habeas corpus petition on May 27, 2008, raising the same ground he raises in the instant petition. (CV608-44, N.D. Ga). That petition was dismissed for lack of exhaustion. (Id. at Doc. No. 14). Petitioner filed a second state habeas corpus petition on August 20, 2008, raising the same ground he raises in the instant petition. (Doc. No. 7-7). That petition was dismissed as successive, and the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the dismissal of his second petition on March 19, 2009. (Doc Nos. 7-8 and 7-9).

In his current § 2254 petition, Petitioner asserts that he received ineffective assistance of appellate counsel because of his counsel's failure to request a sentence modification. Respondent asserts Petitioner's claim is procedurally defaulted.

## DISCUSSION AND CITATION TO AUTHORITY

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the

courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ( "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds[1], the district court is precluded from later reviewing the merits of the claim on collateral attack. Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008).

---

[1] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion." Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Notably, Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if be can show both cause for the default and actual prejudice resulting
AO 72A
(Rev. 8/82)
4

from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Petitioner contends he received ineffective assistance of appellate counsel because of his counsel's failure to request a sentence reduction. Respondent asserts Petitioner has not raised this particular allegation previously and that it is procedurally defaulted under the successive petition rule. Here, there is an explicit holding by the second state habeas court that Petitioner could have raised this ground for relief in his first state habeas corpus proceeding. (Doc. No. 7-8). Petitioner failed to show cause for his failure to bring the instant claim in his original state habeas corpus petition. Since the state habeas corpus court's dismissal rests on an independent and adequate state law ground, the assertion Petitioner makes in his petition is procedurally barred.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE