IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEREMY RAY, )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO.: CV609-039
 )
FRED BURNETTE, Warden, )
 )
    Respondent. )

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his objections, Plaintiff states that he was prejudiced by his counsel's error to request a sentence reduction, alleging he would have received a sentence of fifteen years instead of fifty. (Doc. No. 10, p. 2). Plaintiff states he did not amend his first state habeas complaint upon learning of the possibility of a sentence reduction because he did not know that he was permitted do so. (Id.) Plaintiff also claims that dismissing his petition would constitute a miscarriage of justice as he will be punished for a procedural error even though he is an inexperienced litigator. (Id.).

Plaintiff admits that he is procedurally defaulted from bringing his claim, but he asserts that he meets the conditions for an excuse of procedural default. "Notwithstanding that a claim has been procedurally defaulted, a federal court may still

consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Maples v. Allen, 586 F.3d 879, 890 (11th Cir. 2009). The Eleventh Circuit has extended the cause and prejudice standard to pro se litigants. See Alexander v. Dugger, 841 F.2d 371, 374 n.3 (11th Cir. 1988). "Cause is established if 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Id. (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Ineffectiveness in a state collateral post-conviction proceeding does not constitute cause for the purpose of excusing procedural default. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Pro se litigants are subject to the relevant law and rules of court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Petitioner claims that he failed to amend his first state habeas petition to assert ineffective assistance of counsel because of his counsel's alleged failure to request a sentence reduction because no one informed him that he could amend his complaint. (Doc. No. 10, p. 1). Petitioner's ignorance of the Georgia Rules of Procedure is not sufficient cause to excuse his procedural default; therefore the undersigned need not consider whether prejudice resulted from the default.

To meet the "miscarriage of justice" exception standard to the general rule that a petitioner must show cause and prejudice for procedural default of a federal habeas claim, a petitioner must show evidence of his actual innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). The Eleventh Circuit has not extended the miscarriage of justice exception to include a possible sentence reduction. Petitioner's

sentence of fifty years does not constitute a fundamental miscarriage of justice that excuses him from his procedural default.

Petitioner's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. This petition for writ of habeas corpus is **DISMISSED**.

**SO ORDERED**, this /2 day of _____, 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA