UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEREMY RAY,

Plaintiff,

v.  609CV039

FRED BURNETTE, *Warden,*

Defendant.

## ORDER

Habeas petitioner Jeremy Ray has filed a Notice of Appeal (NOA), doc. # 14, regarding the Magistrate Judge's ("MJ") report and recommendation ("R&R") recommending the dismissal of his 28 U.S.C. § 2254 petition, doc. ## 8 (R&R), 12 (Adoption Order). The Court construes the NOA as a motion for a Certificate of Appealability ("COA"), as well as a motion to proceed *in forma pauperis* ("IFP") on appeal. *See Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (NOA is treated as implied COA application).[1]

To obtain a COA, a § 2254 petitioner must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue regarding the correctness of the procedural ground on which the petition was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C. § 2253(c)(2); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007).

Ray's implied IFP motion is examined under the pre-PLRA version of 28 U.S.C. § 1915. *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). To obtain IFP status, he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The MJ's R&R, doc. # 8, adopted by this Court, doc. # 12, dismissed Ray's § 2254 petition, in which Ray, who had previously brought two habeas petitions before the state habeas court and one petition before this Court, contended that he had received ineffective assistance of appellate counsel due to counsel's failure to request a sentence reduction. *See* doc. # 8 at 2. The MJ explained that Ray's claim was procedurally defaulted as he had waited until his *second* state petition to raise the claim, and the state habeas court had dismissed the claim as successive.[2] *Id.* at 5 ("Here, there is an explicit holding by the second state habeas court that Petitioner could have raised this ground for relief in his first state habeas corpus proceeding."). The MJ therefore recommended that the petition be dismissed as procedurally barred. *Id.* ("Petitioner

---

[1] Pursuant to 28 U.S.C. S 2253(c)(1), a defendant may not appeal a district court's denial of his § 2254 petition unless a circuit justice or judge issues a COA. To obtain a COA, the applicant must make a substantial showing of the denial of a constitutional right. See § 2253(c)(2). Under *Edwards*, a § 2254 petitioner must first seek a COA in the district court before seeking one in the circuit court. *See U.S. v. Searle*, 974 F. Supp. 1433, 1440 (M.D. Fla. 1997). Because many petitioners neglect to do so, the *Edwards* court directed district courts to simply construe the NOA as an implied COA application.

[2] In fact, Ray had first raised this ineffective assistance of appellate counsel claim in a § 2254 petition filed with this Court. After this Court dismissed that petition for lack of exhaustion, Ray filed his second petition in state court, which, as discussed above, was dismissed as successive. *See* doc. # 8 at 2.

failed to show cause for his failure to bring the instant claim in his original state habeas corpus petition. Since the state habeas court's dismissal rests on an independent and adequate state law ground, the assertion Petitioner makes in his petition is procedurally barred.").

Ray has failed to show a "substantial question" about the correctness of this Court's procedural ruling. The law is well-established that when a state court denies a constitutional claim on "adequate and independent" state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. *Payne v. Allen*, 539 F.3d 1297, 1313 (11th Cir. 2008). Here, the Georgia habeas court explicitly dismissed Ray's petition (containing the same claim raised in the instant petition) as successive, pursuant to O.C.G.A. § 9-14-51, finding that he could have brought the claim in his first state petition. *See* doc. # 8 at 2. As a result, this Court was required to dismiss the instant petition as procedurally barred. Ray -- who has not raised *any* particular issues for appeal -- has thus not raised a substantial question about the correctness of this Court's ruling. As a result, his implied IFP and COA motions, doc. # 14, are *DENIED*.

This day of 9 March 2010.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA