**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

JEREMY RAY,

Petitioner,

v.                    609CV039

FRED BURNETTE, *Warden,*

Respondent.

This day of 1 April 2010.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

## ORDER

On 3/9/10 this Court denied 28 U.S.C. § 2254 petitioner Jeremy Ray's motion for a Certificate of Appealability ("COA") as well as his motion to proceed *in forma pauperis* on appeal. Doc. # 16. On 3/18/10, Ray filed a new "Motion for Certificate of Appealability" urging that his procedural default of his habeas claim was due to his "lack of legal experience" and also that the Magistrate Judge had stated that his claim was valid. Doc. # 19.

To the extent that this second motion may be construed as a motion for reconsideration of the denial of a COA, his motion is ***DENIED***.[1] *Id.*

---

[1] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999), *cited in Gibson v. Ford Motor Co.*, 2007 WL 640030, at * 1 (N.D. Ga. 2/26/07) (unpublished).

Otherwise, a reconsideration motion "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." *Id.* (quotes, cite, and alteration omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King Corp. v. Hinton, Inc.*, 2002 WL 31059465 at * 1 (S.D. Fla. 7/19/02) (unpublished). It is only appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quotes and cites omitted); *Stewart v. Hooters of America, Inc.*, 2008 WL 4534030, at * 2 (M.D. Fla. 10/6/08) (unpublished). Ray's motion does not establish a need for reconsideration.